UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:06CV-00029-EHJ

ALICIA CASEY                                                                                         PLAINTIFF

VS.

JO ANNE B. BARNHART,
Commissioner of Social Security                                                          DEFENDANT

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATION

#### BACKGROUND

Before the Court is the complaint (DN 1) of Alicia Casey ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). Both the plaintiff (DN 7) and the defendant (DN 8) have filed a Fact and Law Summary. Additionally, plaintiff has filed a motion for summary judgement (DN 6) and a response to defendant's Fact and Law Summary (DN 9).

The District Judge has referred the case to the undersigned United States Magistrate Judge (DN 3) to review the Fact and Law Summaries and submit Findings of Fact, Conclusions of Law and Recommendations. 28 U.S.C. Section 636(b)(1)(B). By Order entered February 16, 2006 (DN 3), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

#### FINDINGS OF FACT

Plaintiff filed an application for Disability Insurance Benefits on November 5, 2002 (Tr. 44-46). Plaintiff alleged that she became disabled on January 1, 2002 as a result of

poliomyelitis with residuals and status post left hip replacement (Tr. 17, 44, 55). Administrative Law Judge Patrick Kimberlin ("ALJ") conducted a hearing on April 15, 2004 in Bowling Green, Kentucky. The plaintiff was present and represented by Robert McDowell. Also present and testifying was William Harpool, Ph.D., as a vocational expert (Tr. 184).

In a decision dated April 29, 2004, the ALJ found from the medical evidence that plaintiff's poliomyelitis with residuals and status post left hip replacement are "severe" impairments within the meaning of the regulations (Tr. 18). However, the ALJ found these "severe" impairments do not meet or medically equal, either singly or in combination, one of the impairments listed in Appendix 1 (Tr. 18). The ALJ found that plaintiff retains the residual functional capacity to perform a limited range of sedentary work involving no use of the left upper extremity above shoulder level and no work at heights or around hazardous machinery (Tr. 19). Relying on testimony from the vocational expert, the ALJ found that plaintiff is capable of returning to her past relevant work as a clerical/secretarial worker as it is generally performed in the national economy (Tr. 20).

Plaintiff requested review of the ALJ's decision by the Appeals Council (Tr. 10-12). In support of her request, plaintiff submitted the claim file addressing her June 14, 2004, application for Disability Insurance Benefits (Tr. 7, 120-183). The Appeals Council considered this material as well as the determination that plaintiff's disability began on April 30, 2004, (Tr. 4). However, the Appeals Council concluded this additional information did not warrant changing the ALJ's decision of April 29, 2004 (Tr. 4). Therefore, the Appeals Council denied plaintiff's request for review of the ALJ's decision (Tr. 4-6).

## CONCLUSIONS OF LAW

The Social Security Act ("Act") authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> "[i]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months."

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, ___ U.S. ___, 122 S.Ct. 1265, 1267-1268 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20 C.F.R. Sections 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have an impairment or combination of impairments that significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that satisfies the duration requirement and meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied plaintiff's claim at the fourth step.

3

As previously mentioned, the Appeals Council denied plaintiff's request for review of the ALJ's decision (Tr. 4-6). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); See 42 U.S.C. § 405(h) (finality of the Commissioner's decision).

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. Section 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Secretary of Health and Human Serv's., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Secretary of Health and Human Serv's., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" exists if a "reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Secretary of Health and Human Serv's., 987 F.2d 1230, 1233 (6th Cir. 1993) (citing Smith v. Secretary of Health and Human Serv's., 893 F.2d 106, 108 (6th Cir. 1989))). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Secretary of Health and Human Serv's., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

Plaintiff disagrees with the ALJ's finding at the second step (Tr. 20, Finding 3). She believes the ALJ should have found her lumbar rotoscoliosis and degenerative disc disease are also "severe" impairments within the meaning of the regulations (DN 7). Since the ALJ found at least one of plaintiff's conditions is "severe" and the ALJ was able to consider the other conditions in assessing plaintiff's residual functional capacity, the failure to find these other conditions constitute

a "severe" impairment does not constitute reversible error. <u>Maziarz v. Secretary of Health and Human Services</u>, 837 F.2d 240, 244 (6th Cir. 1987).

Plaintiff challenges some of the findings the ALJ made at the fourth step in the sequential evaluation process (DN 6, 7). At this step the ALJ made findings regarding the weight assigned to medical source statements in the record[1], plaintiff's credibility[2], plaintiff's residual functional capacity[3], the physical and mental demands of plaintiff's past relevant work, and her ability to return to the past relevant work (Tr. 18-20). 20 C.F.R. § 404.1520(e).

Plaintiff primarily challenges the weight the ALJ assigned to a functional capacity assessment prepared by treating orthopedic surgeon, Dr. Owen K. Hitt (DN 6, 7; Tr. 106-107). The relevant portion of the administrative decision reads as follows:

> "Ms. Casey further noted Dr. Hitt treated her for left hip only including the 1994 hip replacement, and he never treated her for back pain; thus the undersigned finds his residual functional capacity in Exhibit 6F is not persuasive."

(Tr. 19). In sum, the ALJ found Dr. Hitt's functional limitations "not persuasive" because he "never" treated plaintiff for back pain (Tr. 19).

Treatment notes prepared by Dr. Hitt indicate plaintiff received followup care related

---

[1] 20 C.F.R. § 404.1527(d).

[2] In assessing a claimant's residual functional capacity the Administrative Law Judge must necessarily consider the subjective allegations of the claimant and make credibility findings. 20 C.F.R. § 404.1529; Social Security Ruling 96-7p.

[3] The residual functional capacity finding is the Administrative Law Judge's ultimate determination of what a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546. The residual functional capacity finding is based on a consideration of medical source statements and all other evidence in the case record about what a claimant can do despite limitations caused by his or her physical and mental impairments. 20 C.F.R. §§ 404.1529, 404.1545(a), 404.1546.

to total left hip replacement surgery he performed in December of 1994 (Tr. 99-105). The treatment notes also indicate from April of 2001 through April of 2003, plaintiff experienced problems with one of her knees[4] and on December 4, 1998 plaintiff complained of paresthesis in the left leg (Tr. 99-101).[5] In sum, Dr. Hitt's treatment notes do not mention treating plaintiff for back pain.

On April 2, 2003 Dr. Hitt filled out a physical capacities evaluation form (Tr. 106-107). On the form he set forth the following diagnosis: (1) status post poliomyelitis with bilateral lower extremity weakness and left upper extremity weakness; (2) status post left total hip replacement arthroplasty; and (3) osteoarthritis in the left knee (Tr. 106). Nothing on this form indicates Dr. Hitt considered plaintiff's back condition in formulating his functional opinions (Tr. 106-107). Yet, the ALJ discounted Dr. Hitt's functional opinions because the doctor "never treated her for back pain" (Tr. 19). Clearly, substantial evidence does not support the ALJ's reason for discounting the functional assessment prepared by Dr. Hitt.

At the request of the State agency, Dr. Christina Ford performed a consultative physical examination on January 2, 2003 (Tr. 75). Notably, Dr. Ford commented as follows:

"There is moderate physical evidence for **significant restriction** in

---

[4]At first glance it appears Dr. Hitt treated plaintiff for problems with both knees (Tr. 99-101). On closer inspection it appears that Dr. Hitt may have only treated one knee and his treatment notes may contain typographical errors regarding in which knee plaintiff experienced pain and osteoarthritis (Tr. 99-101). The April 20, 2001, treatment note indicates plaintiff complained about her right knee and an x-ray of the right knee was obtained (Tr. 100-101). However, in that treatment note Dr. Hitt diagnosed early osteoarthritis in the left knee (Tr. 100) and the subsequent treatment notes mention osteoarthritis in the left knee (Tr. 99-100).

[5]An examination of plaintiff's lumbosacral spine revealed a moderate degree of rotoscoliosis but plaintiff did not experience pain on motion (Tr. 101). X-rays of plaintiff's lumbosacral spine showed rotoscoliosis and minimal degenerative disc disease (Tr. 101). Dr. Hitt opined that the paresthesis in plaintiff's left leg was "possibly secondary to lumbar nerve root compression" (Tr. 101). His treatment records make no further mention of this condition.

> this **patient's tolerance for stooping, bending, standing, moving about, lifting or carrying objects**. There is no physical evidence for significant restriction in her tolerance for reaching, sitting, handling objects, or ability to travel."

(Tr. 77, emphasis added). A non-examining State agency medical consultant reviewed Dr. Ford's report, acknowledged the above comment but rendered a physical residual functional capacity assessment that does not appear to be consistent with some of the exertional and postural limitations expressed by Dr. Ford (Tr. 79-88).

After Dr. Hitt rendered his functional assessment on April 2, 2003 (Tr. 106-107) a second non-examining State agency medical consultant reviewed the record and rendered a residual functional capacity assessment (Tr. 108-116). Notably, this assessment expresses the same exertional and postural limitations as the assessment prepared by the first non-examining State agency medical consultant (compare Tr. 80-81 with Tr. 109-110).

The administrative decision does not set forth findings regarding the weight the ALJ assigned to the opinions expressed by the consultative examiner, Dr. Ford, and the two non-examining State agency medical consultants (Tr. 17-20). This omission does not comport with applicable law which indicates if controlling weight is not accorded to the opinion of a treating source the Administrative Law Judge must explain in the decision the weight given to the opinions of examining sources and non-examining State agency medical consultants. 20 C.F.R. §§ 404.1527(d) and (f)(2)(ii). Due to this omission the Court cannot determine whether substantial evidence supports the ALJ's residual functional capacity findings.

The undersigned acknowledges that plaintiff has raised additional issues in her Fact and Law Summary and motion for summary judgment. The undersigned concludes it is not necessary to address those additional issues in light of what is set forth above.

RECOMMENDATION

For the foregoing reasons, the undersigned concludes that the final decision of the Commissioner is not supported by substantial evidence in the record and does not comport with applicable law. Therefore, the undersigned recommends the final decision of the Commissioner be reversed and, pursuant to sentence four of 42 U.S.C. § 405(g), the case be remanded for further proceedings.

NOTICE

Therefore, under the provisions of 28 U.S.C. Sections 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be mailed to all parties. Within ten (10) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be filed within ten (10) days or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir.), aff'd, 474 U.S. 140 (1984). Counsel will please forward a copy of any objections to the undersigned Magistrate Judge at 126

United States Courthouse, 423 Frederica Street, Owensboro, Kentucky, 42301.

Copies: Counsel